**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARLTON HOOKER,**

    Plaintiff,

v.                                                               Case No. 8:12-cv-2759-T-30TBM

**ERIC K. SHINSEKI, SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 4) and Plaintiff's Motion to Transfer and Consolidate (Dkt. 12). The Court, having reviewed the motions and being otherwise advised in the premises, concludes the motion to dismiss should be granted and the motion to consolidate denied as moot.

*Pro se* Plaintiff Carlton Hooker sues Defendant Eric Shinseki, Secretary of Department of Veterans Affairs, alleging retaliation and retaliatory hostile work environment claims in violation of Title VII of the Civil Rights Act of 1964. On June 3, 2011, Hooker filed a lawsuit for the same claims against Shinseki in an action styled *Carlton Hooker v. Eric K. Shinseki, Secretary Department of Veterans Affairs*, Case No. 8:11-cv-1230-VMC-EAJ. On December 6, 2012, Judge Virginia M. Hernandez Covington entered an order dismissing Hooker's case pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure based on Hooker's willful failure to comply with discovery orders.

Hooker filed the instant action on December 7, 2012, for the same claims he alleged in the case before Judge Covington, even titling his complaint as "Plaintiff Refiles USDC Case No. 8:11-cv-01239-VMC-EAJ." Dkt. 1. The current complaint allegations are almost verbatim to those in the complaint filed in the former case.

On January 29, 2013, final judgment was entered in favor of Defendant Shinseki in the case before Judge Covington. Defendant Shinseki then moved to dismiss the instant action based on Hooker's claims being barred under the doctrine of res judicata.

"A party seeking to invoke res judicata must show that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002). "Claims are part of the same 'cause of action' when they 'arise out of the same transaction or series of transactions.' . . . '[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action,'" then the two cases are considered the same cause of action for purposes of res judicata. *Id.* at 1269-70 (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001)).

All four elements are clearly met here. A court of competent jurisdiction rendered the final decision in Case No. 8:11-cv-1239-VMC-EAJ. The decision involved the same parties and the same causes of action premised on the same facts. The Court need not wait for Hooker's response to the motion to dismiss because any attempt at maintaining this action

is futile.  Therefore, the case is dismissed with prejudice as being barred by the doctrine of res judicata.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 4) is GRANTED.

2. Plaintiff's Motion to Transfer and Consolidate (Dkt. 12) is DENIED as moot.

3. This case is dismissed with prejudice.

4. All pending motions are denied as moot.

5. The Clerk is directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on February 15, 2013.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2759.mtdismiss.frm